UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| VLADIMIR A. KIRICHENKO,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>　　　　　　　Defendants. | No. 2:16-CV-0395-TOR<br><br>ORDER DENYING AMERICAN FAMILY MUTUAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Defendant American Family Mutual Insurance Company's Motion for Summary Judgment (ECF No. 5). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendant's Motion (ECF NO. 5) is **DENIED**.

## BACKGROUND

The instant suit arises out of a vehicle collision and a subsequent denial of insurance coverage by the Defendant American Family Mutual Insurance

1  Company (American Family).  ECF No. 1-1 at ¶¶ 4.1-5.5.  Plaintiff Vladimir A.

2  Kirichenko filed the instant suit against American Family on October 4, 2016 in

3  the Spokane County Superior Court.  ECF No. 1-1.  Plaintiff asserted claims for

4  breach of contract and for violation of Washington's Consumer Protection Act

5  based on Defendant's denial of Plaintiff's claim for medical no-fault insurance

6  benefits and underinsured motorist coverage benefits.  ECF No. 1-1 at ¶¶ 3.15-5.5.

7  Defendant removed the case to federal court.  *See* ECF No. 1-6.

8  According to the complaint, on January 4, 2009, Plaintiff was a passenger in

9  a car driven by Alexandru Bendas, who stopped the car on the shoulder of a road.

10  ECF No. 1-1 at ¶¶ 3.1-3.2.  While parked on the shoulder, an unidentified motorist

11  collided with the car—allegedly causing damage to the car and bodily injury to Mr.

12  Kirichenko—but neither Mr. Bendas nor Mr. Kirichenko saw the motorist or his

13  vehicle.  ECF No. 1-1 at ¶¶ 3.3-3.4.  According to the complaint, the Washington

14  State Patrol determined that Mr. Bendas' car was legally standing and lawfully

15  stopped at the side of the road when it was struck from behind.  ECF No. 1-1 at

16  ¶ 3.6.

17  Mr. Bendas' car was insured by Mid-Century Insurance Company, who

18  subsequently denied coverage for the collision.  ECF No. 1-1 at ¶ 3.8.  Mr.

19  Kirichenko was insured with American Family Mutual Insurance Company.

20  ECF No. 1-1 at ¶ 3.9.  According to the complaint, "[t]he American Family Mutual

ORDER DENYING AMERICAN FAMILY MUTUAL INSURANCE
COMPANY'S MOTION FOR SUMMARY JUDGMENT ~ 2

Insurance policy provided no fault personal injury protection coverage available to [Mr.] Kirichenko by virtue of his being an occupant of the Bendas car at the time of the accident . . . [and] underinsured motorist coverage in the amount of $100,000 for bodily injury damages to [Mr.] Kirichenko by virtue of his being an occupant of the Bendas car at the time of the accident when it was struck by a hit-and-run vehicle." ECF No. 1-1 at ¶¶ 3.10-3.11.

On September 18, 2009, Mr. Kirichenko made a claim for medical no-fault insurance benefits and underinsured motorist coverage benefits with American Family. ECF No. 1-1 at ¶ 3.12. On October 21, 2009, American Family issued a Reservation of Rights letter to Mr. Kirichenko and stated it would proceed with the investigation of his claim. ECF No. 1-1 at ¶ 3.13. According to the complaint, American Family investigated the claim over the course of three years and during this time Mr. Kirichenko cooperated with the investigation as was required under the policy. ECF No. 1-1 at ¶ 3.14. According to the complaint, on October 8, 2012, American Family wrongfully denied coverage when it determined that there was no coverage for the loss due to fraud. ECF No. 1-1 at ¶ 3.15. Defendant seeks summary judgment based on the statute of limitations. ECF No. 5.

## STANDARD OF REVIEW

Summary judgment may be granted to a moving party who demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled

to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of demonstrating the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.  For purposes of summary judgment, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed." Fed. R. Civ. P. 56(e)(2); *see also* L.R. 56.1(d).

A fact is "material" if it might affect the outcome of the suit under the governing law. *Libberty Lobby*, 477 U.S. at 248.  A dispute concerning any such fact is "genuine" only where the evidence is such that a reasonable trier-of-fact could find in favor of the non-moving party. *Id.*  "[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* (internal quotation marks and alterations omitted); *see also First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968) (holding that a party is only entitled to proceed to trial if it presents sufficient,

ORDER DENYING AMERICAN FAMILY MUTUAL INSURANCE
COMPANY'S MOTION FOR SUMMARY JUDGMENT ~ 4

probative evidence supporting the claimed factual dispute, rather than resting on mere allegations). Moreover, "[c]onclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *see also Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment.").

Finally, in ruling upon a summary judgment motion, a court must construe the facts, as well as all rational inferences therefrom, in the light most favorable to the non-moving party, *Scott v. Harris*, 550 U.S. 372, 378 (2007), and only evidence which would be admissible at trial may be considered, *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002). *See Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014) ("[I]n ruling on a motion for summary judgment, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." (internal quotation marks and brackets omitted)).

## DISCUSSION

Defendant moves for summary judgment asserting Plaintiff's claims are time-barred. ECF No. 5 at 2. Defendant asserts that it denied insurance coverage in a letter dated May 9, 2010, ECF Nos. 5 at 14; 7-6, and that this is the date Plaintiff's causes of action accrued, ECF No. 5 at 14.

Plaintiff agrees with Defendant that there is a six-year statute of limitations for breach of contract and a four-year statute of limitations for claims under the Washington Consumer Protection Act, and that the actions accrue when the insurer breaches its obligation under the policy.  ECF No. 8 at 7, 10.  However, Plaintiff argues that the May 9, 2010 letter does not start the statute of limitations because the letter "did not deny coverage, and ignores the months and months of continual investigation and the actual denial of coverage letter, which was not issued until October 8, 2012."  ECF No. 8 at 2.

Reviewing the May 9, 2010 letter in isolation appears to suggest the letter was a denial:

> Our investigation of this loss has concluded.  Our insured/your client, Vladimir Kirichenko was the guest passenger in a vehicle insured by Farmers.  We have determined that Farmers had denied the claim for your client's injuries sustained in the above captioned loss for reasons of suspected fraud and/or misrepresentation.
>
> It appears that the BI/UIM coverage under the Farmers policy is primary and any coverage under the American Family policy would be in excess of Farmers limits.
>
> We will be closing your client's file, making it inactive in our system.  I shall continue to remain available as outlined below should you find additional information you feel warrants consideration.

ECF No. 7-6.  This appears to deny coverage because it explains the file will be closed.

However, Plaintiff complains that the May 9, 2010 letter was followed by other letters where American Family continued to investigate the claim, suggesting Defendant rescinded the initial denial, if it was a denial at all. ECF No. 8 at 9. Plaintiff submitted letters showing Defendant reopened the file and continued to investigate after the initial denial. *See e.g.,* ECF No. 10-1 at 31 (American Family "is continuing its investigation of your client's claim. No determination of coverage has been made at this time."). Although Defendant contends Plaintiff put forward no support of a rescission, these letters create a genuine issue of material fact as to when Plaintiff's claims accrued.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

American Family Mutual Insurance Company's Motion for Summary Judgment (ECF No. 5) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to counsel.

**DATED** February 27, 2017.



THOMAS O. RICE
Chief United States District Judge

ORDER DENYING AMERICAN FAMILY MUTUAL INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT ~ 7